ALBERT B. EMERY vs. J. EDWARD MARIANO.

APRIL 6, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  Mortgages.  Negotiable Instruments.  Equities.

A mortgage and mortgage note subject to equities between the parties was transferred by the mortgagee to a holder for value without notice who in turn transferred to respondent.

Held, that under Gen. Laws, 1909, cap. 200, § 64, whatever the knowledge of respondent might be as to the equities between the original parties, he was protected in his right to possession.

BILL IN EQUITY.  Heard on appeal of complainant and dismissed.

VINCENT, J.  This is a bill in equity brought by the complainant, Albert B. Emery, who seeks to have the respondent, J. Edward Mariano, enjoined from foreclosing a certain mortgage upon a parcel of real estate situate in the city of Providence and to have said mortgage ordered to be delivered up for discharge and cancellation.

In 1915, the complainant owned an estate at the corner of Brayton avenue and West Exchange street in said Providence, consisting of two adjoining lots upon one of which was a house.  These two lots were covered by a mortgage of $4,200 held by one Emily A. Harris.  On April 5, 1915, the complainant sold and deeded to one John W. Gugliucci the vacant lot.  In August following, Gugliucci, being desirous of building upon the lot which he had purchased and wishing to protect himself against the foreclosure of the Harris mortgage, procured from the complainant a mortgage upon the latter's estate on Federal street for $1,600.  This last named mortgage is dated August 4, 1915, and is accompanied by a negotiable promissory note payable one year from date.  Neither the note nor the mortgage deviates from the usual form.  In the following November, Gugliucci paid to Mrs. Harris the sum of $1,600, on account of the complainant's mortgage to her and obtained a release as to the lot on Brayton avenue which he had purchased.

On October 28, 1915, Gugliucci purchased from one Giustino Tortolani forty-eight shares of the capital stock of a corporation known as the Broadway Tire Exchange and .paid for the same with the note and mortgage for $1,600 of August 4, 1915, which he had received from the complainant. In carrying out this transaction the transfer of the mortgage and note was not made to Giustino Tortolani but to Nunziatina Tortolani. Raffaele, a brother of Nunziatina, furnished the money, $1,600, and took the transfer of the mortgage in the name of his sister for whom he was attorney in fact. On July 30, 1917, Nunziatina, by her attorney in fact, Raffaele, assigned the mortgage to the respondent.

The complainant claims that the mortgage for $1,600, having been given simply as a security to protect Gugliucci against foreclosure by Mrs. Harris, should now be canceled because the danger of foreclosure was removed when Mrs. Harris was paid $1,600 and released from her mortgage the vacant lot. The statements made by the complainant regarding his claim are neither corroborated nor contradicted by the testimony of other witnesses. It seems improbable that the complainant would give a mortgage to Gugliucci before the latter had paid him for the lot, but we may pass over that and, accepting the complainant's version of the matter as true, proceed to discuss the complainant's rights as against the present holder of the mortgage, which is the important question to be determined.

If Nunziatina Tortolani was a *bona fide* holder for value, without any notice of the conditions under which the complainant now claims the mortgage for $1,600 was given, the transfer from her to the respondent Mariano would be shielded from the equitable defenses which the complainant now sets up, whatever the knowledge of Mariano might be. Gen. Laws of R. I., Chap. 200, Sec. 64; *Hoye* v. *Kalashian*, 22 R. I. 101.

From an examination of the evidence we think the trial court was fully justified in its finding that the note and

mortgage passed to Nunziatina Tortolani without any knowledge upon her part, or upon the part of her attorney in fact, of the conditions or equities which the complainant alleges existed between himself and Gugliucci. The complainant knew that both documents were in a form common to such transactions; that upon their face they exhibited no suggestion of extraneous conditions or equities and that they were capable of being transferred to an innocent holder for value. The complainant has made some attempt to show a want of valuable consideration but we must agree with the trial court that he has not been successful in so doing.

The complainant's appeal is dismissed, the decree of the Superior Court dismissing the bill is affirmed, and the cause is remanded to said court for further proceedings.

*Knauer, Hurley, and Fowler. Philip S. Knauer, John F. Collins,* for complainant.

*McGovern & Slattery,* for respondent.

